Craig R. Delk, Esq. (Nevada Bar No. 2295)
THORNDAL, ARMSTRONG, DELK
BALKENBUSH & EISINGER
1100 E. Bridger Avenue
Las Vegas, NV 89101
Telephone:    702.366.0622
Facsimile:    702.366-0327
cdelk@thorndal.com

Robert M. Pozin, Esq. (Admitted *Pro Hac Vice*)
William D. Burger, Jr., Esq. (Admitted *Pro Hac Vice*)
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: 949.622.2700
Fax:            949.622-2739
Robert.pozin@troutmansanders.com
William.burger@troutmansanders.com

*Attorneys for Defendant,*
ALLIED WORLD ASSURANCE COMPANY (U.S.)
INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BIGELOW MANAGEMENT, INC., and BUDGET SUITES OF AMERICA<br><br>Plaintiff,<br>v.<br><br>ALLIED WORLD ASSURANCE COMPANY (U.S.) INC., and DOES 1-10,<br><br>Defendants. | Case No. 2:12-cv-01604-GMN-GWF<br><br>Hon. Gloria M. Navarro<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.'S MOTION TO STAY**<br><br>**[FILED UNDER SEAL PURSUANT TO COURT ORDER FILED JANUARY 29, 2013]** |

20278211v1

ALLIED WORLD'S POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO STAY

Defendant Allied World Assurance Company (U.S.) Inc. ("Allied World") submits this Memorandum of Points and Authorities in support of its concurrently filed Motion and Notice of Motion to Stay the present action.[1]

## I. INTRODUCTION

The present matter is an insurance coverage action that is proceeding simultaneously with an appeal before the Nevada Supreme Court of the underlying action that spawned it. This dual litigation has caused several complications in the present matter, including calling into question whether some or all of plaintiffs' (collectively "Bigelow") four causes of action are ripe for adjudication and the potential damages (if any) available under those causes of action.

There is a simple solution to these problems. If the present matter is stayed through the conclusion of the appeal of the underlying action, the ripeness of Bigelow's claims will no longer be an issue and the potential damages available (if any) for the largest single aspect of Bigelow's claim – indemnification for any underlying judgment – will be fixed. All of these advantages can be obtained through the implementation of a stay of relatively short duration – briefing before the Nevada Supreme Court is set to be completed on February 27, 2013 – and without any prejudice to the parties. As such, Allied World respectfully requests that the Court stay the present matter through the termination of the underlying action on which it is based.

---

[1] This motion is filed concurrently with Allied World' motion to amend the Court's scheduling order. To the extent that the motion to stay the present action is granted, resolution of the motion to amend the scheduling order may be unnecessary.

## II. FACTUAL SUMMARY

### A. Status of Underlying Action

On December 30, 2009, Cheryl and Gregory Heintz filed the action captioned *Heintz v. Budget Suites of America, et al.*, Clark County District Court Case No. A 606849 (the "Underlying Action"). (Request for Judicial Notice ("RJN"), ¶ 1, Exh. A thereto) Both plaintiffs in the present action were named as defendants in the Underlying Action. In their Complaint, the Heintzes alleged that Cheryl Heintz had been attacked and injured outside of her rental unit at a Budget Suites of America facility. (RJN ¶ 1, Exh. A thereto, ¶ 12 thereof) The Complaint further alleges that Bigelow's management of the facility was to blame for her attack. (RJN ¶ 1, Exh. A thereto, ¶¶ 12, 18 and 26 thereof)

On February 1, 2012, after a 23 day trial, the judge in the Underlying Action issued a judgment in favor of plaintiffs and against Bigelow in the amount of $4,097,262.56, plus costs and interest (RJN ¶ 2, Exh. B thereto, p. 3 thereof) Bigelow appealed, and the case is now pending before the Nevada Supreme Court. (RJN ¶ 3, Exh. C thereto, ¶ 12 thereof) Appellants' opening brief and Appellees' responsive brief have both been filed, and Appellants' reply brief is due to be filed February 27, 2013. (Declaration of Samuel Carucci ("Carucci Dec."), ¶ 2)

### B. Allied World's Policy and Bigelow's Notification of the Underlying Action to Allied World



### C. <u>Status of the Present Action</u>

On or about July 23, 2012, plaintiffs filed their Complaint in Clark County, Nevada. (RJN, ¶ 3, Ex. C thereto) It is Bigelow's position that Allied World is required to defend and indemnify it in the Underlying Action. (RJN, ¶ 3, Ex. C thereto, ¶¶ 33 and 42 thereto) On September 12, 2012, after service of the Complaint, Defendant Allied World timely removed the action to this Court. (Declaration of Robert M. Pozin ("Pozin Dec.,") ¶ 2) Allied World filed its Answer on September 19, 2012. (*Id.* at ¶ 3) In its Answer, Allied World takes the position that Bigelow's late notification of the Underlying Action and failure to provide Allied World with critical documents was a violation of the notice and cooperation clauses in the Policy. (RJN, ¶ 4, Ex. D thereto, pp. 9-10 thereof) On October 15, 2012, Allied World filed its Status Report re Removal. (*Id.* at ¶ 4)

On October 22, 2012, counsel conducted a Rule 26 conference. (*Id.* at ¶ 5) On November 2, 2012, the parties filed a Stipulated Discovery Plan and Scheduling Order. (*Id.* at ¶ 6) On November 5, 2012, the Court entered the stipulated Scheduling Order. (*Id.*)

At plaintiffs' request, Allied World agreed to an extension of time for plaintiffs to serve their initial disclosures. (*Id.* at ¶ 7) The parties served their initial disclosures on November 16, 2012. (*Id.*)

Allied World's defense of the present action was initially delayed by Hurricane Sandy's landfall on the east coast, as Allied World's New York office had to be closed for several months, and relevant documents could not be retrieved because of disruptions with Allied World's operations. (*Id.* at ¶ 8) Many of the pertinent documents were only provided to Allied World's counsel on January 7, 2013. (*Id.* at 9) Despite these delays, on December 21, 2012, Allied World propounded interrogatories and requests for production of documents to Bigelow. (*Id.* at ¶ 10) The next day, Bigelow served requests for production of documents on Allied World. (*Id.* at ¶ 11) On January 22, 2013, counsel for Bigelow requested an extension of time to object and respond to outstanding discovery. (*Id.* at ¶ 12) Counsel for Allied World agreed to an extension through January 30, 2013, and counsel for Bigelow granted Allied World an extension through that same date to respond to Bigelow's outstanding requests for production. (*Id.*) On January 30,

1   2013, the parties served objections and responses to all outstanding discovery. (*Id.*)

2   On December 26, 2012, Allied World served subpoenas for records on AmWINS
Insurance Brokerage of California and The Mahoney Group. (*Id.* at ¶ 13) AmWINS and
Mahoney requested extensions of the response date, and Allied World agreed to brief extensions.
(*Id.*) Mahoney has now produced documents in response to Allied World's subpoena. (*Id.*)
Despite its prior confidentiality concerns, AmWINS also agreed to produce documents in
response to Allied World's subpoena on January 30, 2013, shortly days after the Magistrate Judge
Foley issued his protective order in this action. Allied World obtained those documents on
January 31, 2013. (*Id.*)

No documents have yet been exchanged by the parties. (*Id.* at ¶ 14) Moreover, no
depositions have been noticed or taken, no expert witness information has been exchanged and no
dispositive motions have been filed. (*Id.*) No trial date has yet been set in this action. (*Id.*)

On or about January 31, 2013, counsel for Allied World contacted counsel for Bigelow to
discuss the present motion to stay. Counsel for Bigelow stated that his client would not stipulate
to a stay and would oppose Allied World's motion. (*Id.* at ¶ 15)

### III. THE COURT HAS DISCRETION TO STAY THIS ACTION

The general standard for staying a proceeding to await the conclusion of a separate
proceeding bearing on its outcome was enunciated over 30 years ago by the Ninth Circuit in
*Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863-65 (9th Cir. 1979). In that case, the Ninth
Circuit held that:

> [A] trial court may, with propriety, find it is efficient for its own
> docket and the fairest course for the parties to enter a stay of an
> action before it pending resolution of independent proceedings
> which bear upon the case.

*Id.* A district court has broad discretion when deciding on a motion to stay, and any decision it
renders on that issue is reviewed for abuse of discretion. *Fed. Sav. & Loan Ins. Corp.
v.Molinaro*, 889 F. 2d 899, 902 (9th Cir. 1989).

While Courts recognize that any number of factors could be relevant to a motion to stay
depending on the facts of the case before it, several courts, including the District of Nevada, have

1  attempted to simplify that analysis by focusing on three generalized inquiries: (1) will the stay
2  simplify the issues to be adjudicated; (2) would a stay unduly prejudice the non-moving party or
3  allow for a tactical advantage; and (3) has discovery commenced, is it complete and has a trial
4  date been set. *See, e.g., Computerized Screening, Inc. v. Lifeclinic, Int'l, Inc.*, 2010 U.S. Dist.
5  LEXIS 93072, *5 (D. Nev. Apr. 16, 2010).[2]

## IV. ALL THREE STAY INQUIRIES WEIGH IN FAVOR OF STAYING THIS ACTION THROUGH THE TERMINATION OF THE UNDERLYING ACTION

### A. A Stay Would Simplify The Issues By Clarifying Whether Some Or All of Bigelow's Causes of Action are Moot And By Fixing Bigelow's Yet Undetermined Potential Contract Damages

Bigelow's two principal causes of action – claims for declaratory relief and breach of the insurance contract – are premised on Allied World's alleged failure to defend and indemnify Bigelow against the Underlying Action. (RJN, ¶ 3, Ex. C, ¶¶ 33 and 42)



---

[2] The standard for whether a stay is proper is enunciated in a number of different ways in the relevant cases. However, all of those cases incorporate the same fundamental considerations – the potential to litigate the present action more efficiently and the relative prejudice to the parties. *See, Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *Choice Constr., Inc. v. JMR Constr. Corp.*, 2012 U.S. Dist. LEXIS 97937, *4 (D. Nev. July 16, 2012).

1   This confusion also spreads to the issue of damages. The single largest component of
2   Bigelow's claim for breach of contract and breach of the implied covenant of good faith and fair
3   dealing is indemnification ███████████████████████ of the judgment in
4   the Underlying Action. Due to the continued appeal of the Underlying Action, this damages
5   component is unascertainable. Indeed, if Bigelow is successful in its appeal, this component of
6   Bigelow's claim would have no value whatsoever.

7   The noted complications make litigating this matter at the present time much more
8   complicated than it has to be. A stay of the present action through the conclusion of the
9   Underlying Action eliminates all of these issues. That simplification necessitates a stay. *Branch*
10  *Banking & Trust, Co. v. 27th & Southern Holding, LLC*, 2012 U.S. Dist. LEXIS 177454, *3-*5
11  (D. Nev. Dec. 13, 2012); *Cont'l Cas. Co. v. Global Allies, LLC*, 2012 U.S. Dist. LEXIS 153023
12  (E.D. Cal. Oct. 23, 2012) ("*Global*").



[redacted]

### B. A Stay Would Not Be Prejudicial – It Would Prevent Prejudice To The Parties And Avoid Waste of Judicial Resources

The second relevant factor relating to a motion to stay – the relative prejudice to the parties and the potential that a stay would provide one party with a strategic litigation advantage – also weighs in favor of implementing the stay requested by Allied World. Other than the simplification of the issues to be tried (and perhaps eliminating the need to try the present matter at all) a stay would not change the dynamics of the present litigation whatsoever. No party would be prejudiced, and no side would obtain an advantage over the other. If necessary, the litigation would continue at a later time – likely only a few months in the future – but in the same manner as it would otherwise would have occurred except that the parties would be armed with greater certainty regarding the relevant claims and potential damages.[3]

Conversely, failing to stay this matter could create prejudice in at least two ways. First, as noted above, the outcome of the Underlying Action could render some or all of the issues to be litigated in the present action moot. If the case is not stayed, the parties and the Court will be forced to unnecessarily expend their resources litigating those issues. Such an outcome would be prejudicial to all involved. *See Florio v. Vista Pac. Holdings*, 2012 U.S. Dist. LEXIS 40863, *4-5 (D. Nev. Mar. 26, 2012): *Global,* 2012 U.S. Dist. LEXIS 153023, *9-*10 (both holding that expenditure of unnecessary resources qualifies as prejudice).

[redacted]

---

[3] The fact that the Underlying Action is near its conclusion also weighs in favor of a stay. Courts within the Ninth Circuit generally acknowledge that short stays such as the one being requested by Allied World are less likely to be prejudicial and should be granted more readily. *N. River Ins. Co. v. Leffingwell Ag. Sales Co.*, 2011 U.S. Dist. LEXIS 8208 (E.D. Cal. Jan . 27, 2011) (holding that a stay should be granted in order to allow the underlying action to proceed because that action was set to go to trial in six months, which the court characterized as a "fairly short duration").

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545



### C. A Stay Is Efficient Because This Action Is Still In Its Infancy

The final factor to be considered when evaluating a motion for stay – the status of discovery and whether a trial date has been set – also weighs in favor of granting Allied World's motion. No trial date has yet been set in this action, and discovery is in the very early stages. While an opening round of discovery has been served by all parties, none of the parties have produced any documents in response to that discovery. Moreover, no depositions have been taken (or even noticed) and no expert witness information has been exchanged. (Pozin Dec., ¶ 14) This matter is still in its very early stages and, based on the considerations noted above, efficiency and the preservation of resources weigh in favor of granting the stay requested by Allied World.

### V. CONCLUSION

For the reasons set forth above, Allied World respectfully requests that the Court stay the present action through the termination of the underlying appeal.

| | |
|---|---|
| Dated: February 4, 2013 | Respectfully submitted,<br><br>Robert M. Pozin<br>William D. Burger, Jr.<br>TROUTMAN SANDERS LLP<br><br>Craig R. Delk<br>THORNDAL, ARMSTRONG, DELK<br>BALKENBUSH & EISNER<br><br>By: /s/ Robert M. Pozin<br>    Robert M. Pozin<br><br>*Attorneys for Defendants,*<br>*Allied World ASSURANCE COMPANY (U.S.)*<br>*INC.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2013 I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.'S MOTION TO STAY**, postage prepaid (if U.S. Mail) and addressed to all parties and counsel as identified on the CM/ECF-generated Notice of Electronic Filing.

        /s/ Lisa Golden
Lisa Golden
An employee of Troutman Sanders LLP