UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BIGELOW MANAGEMENT, INC., *et al.*, <br><br>      Plaintiffs, <br><br>vs. <br><br>ALLIED WORLD ASSURANCE CO., *et al.*, <br><br>      Defendants. | Case No. 2:12-cv-01604-GMN-GWF <br><br>**ORDER** <br><br>**Motion to Stay - #31** |

This matter is before the Court on Defendant Allied World Assurance Company (U.S.) Inc.'s Motion to Stay (#31), filed on February 4, 2013; Plaintiffs' Response to Defendant's Motion to Stay (#33), filed on February 21, 2013; and Defendant's Reply in Support of Motion to Stay (#35), filed on March 4, 2013.

**BACKGROUND**

Plaintiffs Bigelow Management, Inc. and Budget Suites of America ("Bigelow") have sued Defendant Allied World Assurance Company (U.S.) Inc. ("Allied") for declaratory relief, breach of contract, breach of the implied covenant of good faith and fair dealing and violation of the Nevada Unfair Claims Practices Act, NRS § 686.310, based on Allied's refusal to defend or indemnify Bigelow in an underlying Nevada state court action, Heintz vs. Budget Suites of America, et.al., Case No. A09-606849-C, District Court Clark County, Nevada (hereinafter "Heintz action"). Allied disclaimed any duty to defend or indemnify Bigelow in the Heintz action based on Bigelow's alleged breach of duty to provide timely notice of the claim and breach of the duty of cooperation. Bigelow disputes that it breached either duty under the policy or that Allied was prejudiced by any such breach.

It is undisputed, at least for purposes of Allied's motion to stay, that the insurance policy issued by Allied is an "excess" liability insurance policy pursuant to which Allied has a duty to defend or indemnify only after Bigelow has first paid $1 million in indemnity payments to the third party claimant(s) or plaintiff(s). The Heintzs filed suit against Bigelow on December 30, 2009, alleging that Bigelow negligently failed to provide adequate security which could have prevented a criminal attack on Cheryl Heintz, who was a business invitee on Bigelow's premises. The criminal attack allegedly occurred on January 23, 2009. *Motion to Stay (#31), Exhibit A, "Underlying Complaint."*

Bigelow asserts that it notified Allied of the Heintz action no later than March 11, 2011, six months before the trial commenced. *Defendant's Response (#33), pg. 4, n. 5.* The Heintz action was tried to the court which rendered a judgment against Bigelow on February 2, 2012 in the amount of $4,097,262,56. *Motion to Stay (#31), Exhibit B, "Judgment."* Bigelow filed an appeal from the judgment to the Nevada Supreme Court and posted an Irrevocable Standby Letter of Credit in the amount of the judgment to secure a stay of execution while the appeal is pending. *Defendant's Response (#33), Exhibit 3, "Notice of Delivery of Letter of Credit."* The parties represent that written briefing on the appeal was to be completed on February 27, 2013.

## DISCUSSION

Allied moves the Court to stay this action pending the Nevada Supreme Court's decision on Bigelow's appeal in the Heintz action. Allied's motion is based on the district court's discretionary authority to stay an action pending the resolution of another action. As stated in *Leyva v. Certified Grocers of Calif.*, 593 F.2d 857, 863 (9th Cir. 1979):

> A trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. (Citations omitted.) In such cases, the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide a just determination of the cases pending before it.

. . .

. . .

In *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109-10 (9th Cir. 2005), the court quoted its earlier decision in *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) regarding the factors the court should consider in deciding whether to grant a stay:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

The court, quoting *Leyva* 593 F.2d 864, also stated that "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Lockyer*, 398 F.3d at 1111.

*Computerized Screening, Inc. v. Lifeclinic Int'l, Inc.*, 2010 WL 3257679, *2 (D.Nev. 2010), summarizes the relevant factors as follows: (1) whether a stay would unduly prejudice the non-moving party or allow for a tactical advantage for the moving party; (2) whether a stay will simplify the issues in the case at trial; and (3) whether discovery has commenced, or is almost complete and whether a trial date has been set.

Allied argues that the Nevada Supreme Court's decision in the Heintz action will simplify the issues in this case and may even render the insurance coverage dispute moot if the Nevada Supreme Court overturns the judgment against Bigelow. Allied notes that Bigelow appears to believe that the judgment will be reversed. *Motion to Stay (#31), pg. 5.* In support of its position, Allied relies on *Continental Cas. Co. v. Global Allies, LLC*, 2012 U.S. Dist. LEXIS 153023, 2012 WL 5289315 (E.D.Cal. 2012) in which the district court stayed the insurers' declaratory relief action on policy coverage pending resolution of the underlying action against the insured. In granting the stay, the court stated that "[t]he interests of 'practicality and wise judicial administration' further warrant staying this declaratory relief action because the need for such declaratory relief depends, in part, on the outcome of the [underlying] action." 2012 WL 5289315, at *5.

. . .

*Continental Cas. Co. v. Global Allies, LLC* is, however, also distinguishable from this case. The insured, rather than the insurers, requested the stay. The court noted that "[a]n insured can be prejudiced by having to expend resources fighting its own insurer while at the same time attempting to defend itself against liability that its insurance was presumably supposed to pay." (citation omitted) *Id.* at *4. The court stated that although insured's litigation expenses in the underlying action were covered by its primary insurer, this fact did not eliminate the prejudice to insured from having to conduct a "two-front war." *Id.* The insured was still required to expend its limited resources and time in assisting in the defense of the underlying case. The court stated that the excess insurers would not suffer prejudice if the coverage action was stayed, because they were not paying for the insured's underlying defense. *Id.* Thus, all of the relevant factors favored staying the declaratory relief action until the underlying case was resolved. In this case, it is the insurer who requests the stay and the insured who opposes it. This difference of positions no doubt reflects, in part, the fact that the underlying action has already been tried, a judgment has been rendered and briefing on the appeal to the Nevada Supreme Court is complete.

Allied is clearly correct that the outcome of the appeal will clarify and likely simplify the issues in this case. A decision by the Nevada Supreme Court absolving Bigelow from liability to the Heintz's will render the claims in this case substantially, if not entirely, moot. Conversely, if the judgment against Bigelow is affirmed, then the court or jury in this case will be required to decide whether Bigelow failed to provide timely notice of the Heintz's claim or lawsuit and whether Allied was prejudiced by the late notice. *See Las Vegas Metro. Police v. Coregis Ins. Co.*, 256 P.3d 958 (Nev. 2011) (holding that insurer is required to prove that it was prejudiced by late notice). A decision ordering a new trial in the Heintz action could also potentially affect the determination whether Allied was prejudiced by late notice. Practicality and judicial efficiency therefore favor staying the adjudication of this action until after the appeal in the Heintz case is resolved.

Practicality and judicial efficiency, however, do not militate in favor of staying discovery in this action. Although discovery might be avoided if the Heintz judgment is reversed, neither party has provided this Court with sufficient information to determine the likelihood of that outcome. It

is probably not in either Bigelow's or Allied's interest to suggest that Bigelow's appeal with be unsuccessful. Bigelow has an interest in obtaining a prompt determination on the insurance coverage issue if the Heintz judgment is affirmed, and if Bigelow is correct that Allied was not prejudiced by late notice of the underlying case or by Bigelow's alleged failure to cooperate.[1] While it makes sense to stay trial or summary adjudication of the insurance coverage issue until the appeal in the Heintz action is decided, a postponement of discovery until after the appeal is decided, will unnecessarily delay resolution of the coverage issues. It may be some time before the Nevada Supreme Court schedules oral argument in the Heintz action, and it will likely be several months before the Court issues its decision. Decision on the coverage issue would be further delayed if discovery in this case is only commenced after the appeal is decided. Bigelow's interest in obtaining a determination of the coverage issue as soon as possible after the decision of the underlying appeal, outweighs either party's interest in avoiding possibly unnecessary discovery. A postponement of discovery is also contrary to this Court's interest in the expeditious resolution of pending cases.

Allied also asserts that information disclosed during discovery in this action could be used against Bigelow and/or Allied in a subsequent retrial of the Heintz case. Allied's assertions in this regard appear speculative. First, it is not all clear that a new trial will result from the Heintz appeal. Second, Allied has not demonstrated the likelihood that information prejudicial to Bigelow or Allied in a retrial of the Heintz case will, in fact, be disclosed during discovery in this case. The Court therefore concludes that the balance of factors weighs against a stay of discovery in this case. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Allied World Assurance Company (U.S.) Inc.'s Motion to Stay (#31) is **granted**, in part, and **denied**, in part, as follows:

. . .

---

[1] The Court, however, disagrees with Bigelow's assertion that it has already "effectively paid the judgment." Although the letter of credit that Bigelow posted as security for the judgment is irrevocable pending the decision on appeal, execution upon the letter of credit is contingent upon the judgment being upheld.

1      1.      Trial or summary adjudication of the issues in this case are stayed pending the Nevada Supreme Court's decision on the appeal in the underlying Heintz action.

2      2.      Discovery is not stayed and shall proceed pursuant to the scheduling order(s) issued by the Court.

DATED this 18th day of March, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge